## Case No. 1,083.

BARTLETTE v. The VIOLA.

[3 Chi. Leg. News, 245.]

District Court, D. Minnesota. April Term, 1871.

MARITIME LIENS — MASTER'S WAGES—PILOTAGE— SUPPLIES AND REPAIRS—MORTGAGE ON VESSEL.

[1. The master has no lien upon a vessel for his wages.]

[2. The remedy of the master of a vessel who seeks to enforce payment of wages as acting pilot, where he was not pilot in fact, but performed pilot's duties, is in personam, and not in rem. The Larch, Case No. 8,085, followed.]

[3. The remedy of the master for advances for supplies and repairs is also in personam. The Larch, Case No. 8,085, followed.]

[4. One who takes command of a vessel as master continues as such until the completion of the voyage, unless superseded, and cannot assert a lien for additional pay for standing on watch as pilot.]

[5. While a mortgage on a vessel cannot be foreclosed in equity, nor delivery of the boat decreed to the mortgagee, yet the proceeds of the sale may be applied in extinguishment of the mortgage.]

[In admiralty. Libel by L. D. Bartlette against the steamboat Viola for libellant's wages, for additional pay as pilot, and for advances for supplies and repairs. Libel dismissed.]

NELSON, District Judge. The libellant is endeavoring to assert a lien upon the boat for master's wages and also for additional pay in standing one watch as pilot, and for advances made for necessary repairs and supplies. There can be no lien upon the vessel for master's wages. The contract is made upon the personal responsibility of the owners. 1 Paine, 73, [The Grand Turk, Case No. 5,683;] 1 Newb. Adm. 176, [Dudley v. The Superior, Case No. 4,115;] Bee, 31, 348, [Castello v. Bouteille, Case No. 2,504; Forbes v. The Hannah, Id. 4,925;] 3 Mason, 255, [The Packet, Case No. 10,654.] Nor can the master enforce in a proceeding in rem, the collection of his wages as acting pilot. He was not the pilot in fact, but performed pilot's duties while master of the vessel. He must resort to a suit in personam for his pay as acting pilot, and has no lien on the vessel for the same. Advances made by the master for repairs and supplies are upon the same footing. The authorities are not altogether uniform upon this subject, but this court will follow the decision in The Larch, [Id. 8,085.] See, also, Ware, 104, [The Mary Anne, Case No. 9,195.]

In any view of the case the libellant was master of the "Viola" until the completion of the voyage and the return of the vessel to her home port, unless superseded. There is no evidence of his having been discharged. He was ordered to lay the boat up late in the fall at St. Louis, on account of the difficulty in returning to Hudson, from whence the vessel departed, and where she was owned. Ordinarily, being satisfied upon these points we should dismiss the libel and restore the boat to the party from whom she was taken by the marshal, but in this case we have some seven or eight claimants intervening. The boat has been appraised under the 10th admiralty rule, and restored to the claimant from whose possession she was taken. The appraised value was satisfactory to all parties, and a stipulation has been given. We must therefore order the payment into court of the amount of this stipulation, and distribute it to the intervening claimants that in our opinion are justly entitled to it.

Without commenting upon the claims of the other parties, and they are numerous, the owners of the boat being deeply involved, and the contest in the state courts for the possession of the property being vigorous and protracted—we are of the opinion that the First National Bank of Hudson, Wis., as trustee, represents a claim which is the earliest lien and entitled to be first paid out of these proceeds in court. This claim is a mortgage of the boat, executed by the owners on the 13th day of November, A. D. 1866, and filed on the same day in the office of the deputy collector of customs of the port of St. Paul, in this district, where she was enrolled. It was given for a valuable consideration, and the owners have defaulted in the condition upon which it was executed. It is true the admiralty court can neither entertain a suit to foreclose the mortgage, nor can it decree a delivery of the boat to the mortgagee; but the fund in the registry, representing the boat, which had been sold

by authority, can be held under the mortgage, and we are bound to apply it towards extinguishing this lien. The money must, therefore, be appropriated towards liquidating this claim. [Schuchardt v. Babbidge,] 19 How. [60 U. S.] 239; 2 Woodb. & M., 118, [Deshon v. The Medora, Case No. 3,820.] The stipulators are ordered to pay into court the sum of $2,000, and the clerk will pay the same to the proctor for this claimant, after deducting charges of the officers of the court, if any exist against the boat, and the libel is dismissed with costs.